UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-24497-Civ-COOKE/TORRES

MARYEILIS SANCHEZ, individually,
and on behalf of all similarly situated
persons,

    Plaintiff,

vs.

WAX ON THE BAY, LLC,
d/b/a UNI K WAX, a Florida limited
liability company; and GABRIELA
SATURNO, an individual,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR RECONSIDERATION AND MOTION FOR FINAL JUDGMENT

THIS CASE is before me on Plaintiff's Motion for Reconsideration/Motion for Final Judgment Due to Defendants' Breach of Settlement Agreement (ECF No. 50). Plaintiff acknowledges that her prior Motion for Default Judgment Against Defendants (ECF No. 47), which I denied as procedurally improper (ECF No. 49), was mistakenly captioned and should have been captioned "Motion for Final Judgment Due to Defendants' Breach of Settlement Agreement." *See* Mot. Recons. 1. Plaintiff now seeks an order enforcing the settlement agreement she entered into with Defendants as a result of Defendants alleged breach of the agreement.

### I. BACKGROUND

The parties in this matter entered into a Mediation Settlement Agreement (the "Agreement") on January 9, 2014, wherein Defendants agreed to pay Plaintiff the sum of three thousand one hundred twenty five dollars and no cents ($3,125.00) on or before October 28, 2014. Defendants failed to make timely payment. Paragraph Six of the Agreement states: "If Defendants default in timely making any payment, and fail to cure such default within 10 days from fax notice to Defendants' counsel, Plaintiff shall be entitled to seek entry of a default final judgment against the Defendants for the unpaid balance of

the Settlement Amount." Paragraph Seven of the Agreement states: "Each party shall bear their respective attorneys' fees and costs other than in the event of a default in which event the prevailing party shall be entitled to attorneys' fees."

On November 13, 2014, Plaintiff's counsel sent Defendants' counsel, via facsimile, a notice of Defendants breach of the Agreement with a warning that if Defendants' failed to cure their breach within the time specified in the Agreement, Plaintiff would seek remedy with the court. On November 13, 2014, Defendants' counsel spoke with Plaintiff's counsel, but advised that he was having trouble communicating with Defendants and could not make any representations regarding their ability to cure the breach.

Plaintiff represents that as of January 23, 2015, she has not received any payments from Defendants, nor has Defendants' counsel been in touch regarding his communications with Defendants.

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b)(1) permits a court, in its discretion, to relieve a party from a prior order that was entered as a result of a party's "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Here, I acknowledge that Plaintiff incorrectly captioned her original motion for final judgment and grant her motion for reconsideration.

As to the substance of Plaintiff's motion, Plaintiff has demonstrated that the parties entered into a mediated settlement agreement and that Defendants breached the agreement by failing to make timely payment as per the terms of the Agreement. Additionally, as of the date of this Order, Defendants have not filed any opposition to Plaintiff's motion.

## III. CONCLUSION

Therefore, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Motion for Reconsideration/Motion for Final Judgment Due to Defendants' Breach of Settlement Agreement (ECF No. 50) is **GRANTED**.
2. Judgment is hereby entered in favor of Plaintiff Maryeilis Sanchez and against Defendants Wax on the Bay, LLC d/b/a Uni K Wax and Gabriela Saturno in the amount of three thousand one hundred twenty five dollars and no cents ($3,125.00). A separate judgment will issue.
3. This Court reserves jurisdiction to consider a motion for attorney's fees by Plaintiff.

**DONE and ORDERED** in chambers, Miami, Florida, this 10th day of September 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate*
*Counsel of Record*